UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

UNITED STATES OF AMERICA,

    -against-

                                          19 CR 872 (CS)

ROBERT FLOOD,
                Defendant.

-------------------------------------------------------------X


**DEFENDANT'S SENTENCING MEMORANDUM**

JOHN S. WALLENSTEIN, ESQ.
Attorney for Defendant
1100 Franklin Avenue
Garden City, New York 11530
(516) 742-5600
Fax: (516) 742-5040
Email:JSWallensteinEsq@outlook.com

This memorandum is respectfully submitted on behalf of Robert Flood. For the reasons set forth herein, we respectfully submit that a sentence outside the advisory Guideline structure is appropriate, and that Mr. Flood should be sentenced to time served, to be followed by supervised release with intensive drug treatment.

## SENTENCING GUIDELINES

The PreSentence Report ("PSR") calculates the Guidelines to be Offense Level 10 in Criminal History Category IV, for a Guideline range of 15-21 months. Both the defense and the Government agree with that calculation, and stipulated thereto in the plea agreement.

## APPLICATION OF THE 3553(a) FACTORS

Under § 3553(a), "[t]he court shall impose a sentence sufficient, but not greater than necessary" to fulfill the purposes of sentencing. In order to properly determine what that "sufficient" sentence is, the courts are instructed to consider the factors prescribed by Congress, which include:

1) the nature and circumstances of the offense and the history and characteristics of the defendant;

2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford general and specific deterrence; to provide needed training or treatment;

3) the kinds of sentences available;

4) the sentencing guidelines;

5) the need to avoid unwarranted sentencing disparities; and

6) the need for restitution.

There is no doubt that the distribution of controlled substances is a serious offense, and the details of Mr. Flood's involvement are noted in the PSR. It is, unfortunately, true that Mr. Flood was responsible for distribution of quantities of fentanyl, but his conduct has been driven by his own addiction. The seriousness of this conduct invites punishment, but the defendant's serious substance abuse problem calls out for tempering such punishment. The goals of sentencing can be served by lessening the prison sentence and increasing the rehabilitation component, by requiring intensive drug treatment during a period of supervised release.

His life has been a difficult one. As a child, he suffered physical abuse at the hands of his father, who had substance abuse issues and spent time in and out of jail. His father left the household when Robert was 11 years old, and his mother entered into a relationship with a man who was physically abusive towards her and Robert's brothers, although not Robert himself. This culminated in Robert attacking the mother's boyfriend after he abused one of Robert's brothers, as a result of which Robert was removed from the home and placed in foster care.

The PSR is quite detailed in its analysis of Mr. Flood's life, and details his long bout with substance abuse, which includes alcohol, cocaine, and heroin. Up until the time of his arrest in September 2019, he was using 50 bags a day, and he sold drugs to maintain that habit.

Mr. Flood has a sporadic work history and no specific skill set, because of the drug addiction that has consumed his life. He will seek treatment upon his release from custody, under the supervision of the Probation Department during his supervised release period. In his letter to the court (copy attached, but sent directly by Mr. Flood) he expresses his heartfelt desire to move on with his life and obtain the treatment he needs, so he may be a father to his four year old son and a role model. He should have that chance.

We heartily endorse the Probation Officer's recommendation for a sentence of time served.  The recommendation notes that "[I]t would appear that Flood is in more need of intensive substance abuse and mental health counseling than a significant jail sentence." Such a sentence will be sufficient, but not greater than necessary, to achieve the aims of sentencing.

## **CORONAVIRUS CHANGES THE PLAYBOOK**

In addition to all of the 3553(a) factors which the Court will consider, these are strange and difficult times. The COVID-19 pandemic has created a whole host of serious problems over and above the obvious health issues. "Prisons are petri dishes for contagious respiratory illnesses." [1]  Even if the Court were to adopt the Government's recommendation of a guideline sentence, nd sentence him to the low end thereof, he would be eligible for release to a "halfway house" almost immediately, and such placement would still leave him at risk in this period of "social distancing". Time served, by contrast, would allow him to isolate himself appropriately at home, while still receiving the treatment he needs under the auspices and guidance of probation.

Mr. Flood is in the Orange County jail at present, but once sentenced would be transferred to MDC. That institution has had a number of people, inmates and staff, test positive for the coronavirus, and the institution is on a lockdown for visitation; all contact between inmates and lawyers is by telephone, email, and extremely limited videoconferencing. Having Mr. Flood thrown into that toxic atmosphere for the month or two it would take to place him in a halfway house would be counterproductive, as it would expose him to a very serious health risk, and then expose others to that risk, probably unknowingly,

---

[1] Letters to the Editor: A prison doctor's stark warning on coronavirus, jails and prisons, Los Angeles Times (Mar. 20, 2020), at https://www.latimes.com/california/story/2020-03-20/prison-doctors-stark-warning-on-coronavirus-and-incarceration. See also Joseph A. Bick (2007). Infection Control in Jails and Prisons. Clinical Infectious Diseases 45(8):1047-1055, at https://doi.org/10.1086/521910.

upon his release. Far better to sentence him to time served, allow him to go home and isolate himself for two weeks (even as a condition of supervised release) and then receive the treatment he needs as soon as possible.

## **CONCLUSION**

For all of the foregoing reasons, and for all of the reasons noted in the recommendation of the Probation Department, it is respectfully suggested that a sentence of time served, followed by supervised release with drug treatment, is sufficient, but not greater than necessary, to achieve the aims of sentencing and to appropriately punish Mr. Flood for his actions.

DATED:   Garden City, New York
         March 27, 2020

Respectfully submitted,

JOHN S. WALLENSTEIN

JSW/hs